UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TAMARA THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV- |
| | § | 00872-SDJ-AGD |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is Plaintiff Tamara Thomas's ("Plaintiff") Motion for Return of Property Pursuant to Rule 41(b) of the Federal Rules of Criminal Procedure ("Plaintiff's Motion") (Dkt. #1). Also pending before the court is Defendant United States of America's ("Government") Motion to Dismiss Complaint ("Government's Motion") (Dkt. #3), and the Plaintiff's response in opposition thereto (Dkt. #9). After reviewing Plaintiff's Motion, the Government's Motion, and all other relevant filings, the court recommends Plaintiff's Motion (Dkt. #1) be **DENIED**, and the Government's Motion (Dkt. #3) be **GRANTED**, and the lawsuit be **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiff, proceeding *pro se*, initiated the instant lawsuit on October 11, 2022, asserting her interest in the following property:

- A.   $7,092.00 in U.S. currency seized from Tamara Thomas;
- B.   2006 Mercedes Benz CLS500C, VIN WDDDJ75X26A013306;
- C.   2006 Mercedes Benz R350, VIN 4JGCB65EX6A034220;
- D.   2010 Porsche Panamera, VIN WP0AC2A75AL090264;

  E.  2007 Mercedes Benz R350, VIN 4JGCB65E07A052467;

  F.  2007 Mercedes Benz R350, VIN4JGCB65E37A044895,[1] seized from Tamara Thomas; and

  G.  The assessment of a $25,000.00 fine (collectively, the "Property").

(Dkt. #1 at pp. 1–2). As part of Plaintiff's plea agreement, Plaintiff "agree[d] to forfeit to the United States voluntarily and immediately all of [her] right, title, and interest to the [Property, *supra*.] which is subject to forfeiture pursuant to 21 U.S.C. § 853." *United States v. Tamara Thomas*, No 4:15-cr-00207-SDJ-KPJ (E.D. Tex. Oct. 23, 2017) ("*Thomas*"), Dkt. #317 at p. 4, Sealed. Plaintiff also agreed that she "understands that restitution may be ordered by the Court." *Thomas*, Dkt. #317 at p. 4, Sealed. At the change of plea hearing, the court verified the terms of the plea agreement with Plaintiff (Dkt. #3 at p. 2–3).[2] The Court accepted Plaintiff's plea agreement as indicated in

---

[1] Plaintiff does not request recovery of this vehicle in Plaintiff's Motion (Dkt. #1), but it is listed in the Government's Motion (Dkt. #3 at p. 1) and in the plea agreement. Plaintiff offers no explanation as to why this vehicle was excluded.

[2] Plaintiff alleges she never signed the agreement on the date listed in the plea agreement and that she is unfamiliar with its terms (Dkt. #9 at p. 2). However, the transcript from the Change of Plea Hearing reveals the opposite is true (Dkt. #3, Exhibit A at pp. 21–29). The transcript reads, in relevant part, as follows:

  **THE COURT**: . . . And if you will turn with me to the final page of your Plea Agreement, being page 9. Can you confirm for me, is that your signature there?
  **DEFENDANT THOMAS**: Yes, ma'am.
  **THE COURT**: Now, did you read this Plea Agreement in its entirety before you signed it?
  **DEFENDANT THOMAS**: Yes, ma'am.
  . . .
  **THE COURT**: Were you comfortable you understood everything in this agreement before you signed it?
  **DEFENDANT THOMAS**: Yes, ma'am.
  . . .
  **THE COURT**: Then let's look at this Paragraph 8 entitled Forfeiture, as well. Do you understand that by and through Paragraph 8 what you're agreeing to do is give up all right, title, and interest to the property listed there in that Paragraph 8?
  **DEFENDANT THOMAS**: Yes, ma'am.
  **THE COURT**: And did you voluntarily and of your own free will agree to give up all right, title, and interest to that property and not to contest its forfeiture? And if we look, we're looking at Subparagraphs A through F in particular.
  **DEFENDANT THOMAS**: Yes, ma'am.
  . . .
  **THE COURT**: And so as you stand here today, are you telling me you understand this agreement and you want the Court to accept and approve it?
  **DEFENDANT THOMAS**: Yes, ma'am.

the judgment that was entered on April 2, 2018. *Thomas*, Dkt. #428.

On November 17, 2017, the court entered a Preliminary Order of Forfeiture. *Thomas*, Dkt. #377. Thereafter, the Government published—at www.forfeiture.gov for thirty (30) consecutive days—notice of the forfeiture and of the Government's intent to dispose of the forfeited Property in accordance with the applicable law. *Thomas*, Dkt. #377; Dkt. #425 at pp. 1–2. The Government further notified all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the forfeited Property; no parties filed a claim. *Thomas*, Dkt. #425 at pp. 1–2; *Thomas*, Dkt. #427 at p. 1.

Rather than filing any ancillary petition to the forfeiture listed in Plaintiff's plea agreement, Plaintiff filed the instant lawsuit on October 11, 2022, by filing a Motion for Return of Property Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (Dkt. # 1). On October 21, 2022, the Government filed its Motion to Dismiss Complaint, alleging Plaintiff's Motion fails to state a claim upon which relief can be granted (Dkt. #3 at p. 2). The Government argues that Plaintiff knowingly and willingly entered into the plea agreement and fully understood the terms of the plea agreement, arguing that "the entirety of the [Change of Plea Hearing] transcript shows that the Court conducted a thorough change of plea hearing and [Tamara Thomas] clearly understood the terms of the agreement she entered into, including the terms of the forfeiture and the [P]roperty she agreed to forfeit" (Dkt. #3 at p. 2–3).

On October 26, 2022, the court ordered Plaintiff to file a response to the Government's Motion no later than November 14, 2022 (Dkt. #4). Plaintiff received the court's Order (Dkt. #6) and filed her Motion Requesting 15 Day Extension to Answer Government's Opposition Motion on November 17, 2022 (Dkt. #7). On November 28, 2022, the court granted Plaintiff's request for more time, giving Plaintiff until November 29, 2022, to respond to the Government's Motion

(Dkt. #8). Plaintiff filed her Response to Government's Motion to Dismiss Complaint, (Dkt. #9), on November 28, 2022.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

The Government's Motion rests on Rule 12(b)(6) grounds for failure to state a claim upon which relief can be granted (Dkt. #3). *See* FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims stated must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (cleaned up). A court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383,

387 (5th Cir. 2010) (citation omitted).[3]

B.  *Federal Rule of Criminal Procedure 41(g)*

The crux of Plaintiff's Motion is based on Rule 41(g) of the Federal Rules of Criminal Procedure, which states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g). If a motion to return property under Rule 41(g) is filed during criminal proceedings, "'the burden is on the movant to show that he or she is entitled to the property.' But when the proceedings have ended, that burden shifts to the Government." *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). In fact, when criminal proceedings have concluded, courts change how they approach Rule 41(g) motions. *See id.* "When a defendant files a Rule 41(g) motion after the criminal proceedings have concluded, we treat the motion as a civil action under 28 U.S.C. § 1331 and treat the district court's denial of that motion as a grant of summary judgment in favor of the government." *Id.* (citing *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000)).

## ANALYSIS

The Government's Motion seeks to dismiss Plaintiff's Motion for failure to state a claim upon which relief can be granted (Dkt. #3 at p. 2). Plaintiff and her attorney signed a plea agreement on October 11, 2017, forfeiting the Property to the Government, and the Government's

---

[3] "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. Sup. Ct. of the St. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)); *see Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

attorney signed the plea agreement on October 23, 2017, the date of the Change of Plea Hearing. *Thomas*, Dkt. #317 at p. 9, Sealed. The Government relies on the transcript from the Change of Plea Hearing to corroborate Plaintiff's agreement to forfeit the Property (Dkt. #3, Exhibit A). The Government contends the transcript affirms that the Government summarized the plea agreement, stating each item subject to forfeiture; the court asked Plaintiff if she understood the terms of the agreement; Plaintiff responded "yes"; and Plaintiff's counsel indicated that Plaintiff understood the terms of the agreement, which the court verified with Plaintiff herself (Dkt. #3 at p. 2).[4]

Under a Rule 12(b)(6) motion, the court must construe factual allegations in Plaintiff's pleadings as true, disregarding conclusory statements. *See, e.g.*, *Twombly*, 550 U.S. at 555. The relevant factual allegations in Plaintiff's Motion, which the court construes as true, are as follows: The Government took possession of the Property at 6119 Sid Crane Drive, Charlotte, North Carolina 28216; and the Plaintiff was sentenced to a term of imprisonment, which she has served and completed (Dkt. #1 at pp. 1–2). The remainder of Plaintiff's Motion is composed of conclusory statements or is the recitation of case law and statutory language (Dkt. #1 at pp. 1–3). The court is not bound by Plaintiff's legal conclusions stated as factual allegations. *See, e.g.*, *Twombly*, 550 U.S. at 555. Plaintiff's factual allegations, taken as true, do not "raise a right to relief above a speculative level." *Id.* Indeed, Plaintiff's Motion conveniently leaves out any mention of the plea agreement she signed during her criminal proceedings (Dkt. #1).[5] Plaintiff's unambiguous agreement with the Government regarding the forfeiture of the Property cannot simply be set aside because Plaintiff now regrets or disagrees with the terms of the plea agreement. The few factual

---

[4] *See* supra n.2 (reciting the court's line of questioning and Plaintiff's responses).
[5] Plaintiff's Response to the Governments Motion says she did not understand the terms of the plea agreement, which she alleges was due to ineffective assistance of counsel. However, Plaintiff's clear and unambiguous responses to the court's questions at the change of Plea Hearing (Dkt. #3, Exhibit A at pp. 21–29) are in direct contradiction to the allegations in her Response to the Government's Motion (Dkt. #9 at p. 1–2).

allegations in Plaintiff's Motion do not rise to the level of the conclusory statement that the Government unlawfully seized the Property.[6]

For Plaintiff to overcome a Rule 12(b)(6) motion, she must establish a violation of Rule 41(g), as alleged by her Complaint. In order to prevail under Rule 41(g), Plaintiff must establish that she was "aggrieved by an unlawful search and seizure of property or by the deprivation of property." FED. R. CRIM. P. 41(g). Plaintiff has provided no evidence to support the conclusory allegation that the Government took the Property unlawfully. Rather, the Government relies on Plaintiff's explicit assertions in her plea agreement that the Property was subject to forfeiture to the Government pursuant to 21 U.S.C. § 853 because the Property constituted proceeds traceable, directly or indirectly, to the illegal activity described in the Fourth Superseding Indictment and was used or intended for use to facilitate the offense described in the Fourth Superseding Indictment. *Thomas*, Dkt. #317 at pp. 4–5, Sealed. Plaintiff signed the plea agreement herself,[7] which authorized forfeiture of the Property pursuant to 21 U.S.C. § 853. *Thomas*, Dkt. #317 at p. 4–5, 9, Sealed. The gravamen of Plaintiff's Motion is that the Property "had no connection with a crime or crime(s)" (Dkt. #1 at p. 1). Plaintiff cannot now claim that there was "no connection" between the Property and a crime when she signed the plea agreement stating that the Property was "traceable, directly or indirectly, to the illegal activity" for which she was charged (*Compare* Dkt. #1 at p. 1 *with Thomas*, Dkt. #317 at pp. 4–5, Sealed).

Plaintiff's three-page Motion relies on one Fifth Circuit case to support her request for the return of the Property, *Harbor Healthcare Sys., L.P. v. United States*, 5 F.4th 593 (5th Cir. 2021) (Dkt. #1 at p. 1). Plaintiff's reliance on this case, however, is misplaced. In *Harbor Healthcare*,

---

[6] The court notes that the Property includes the cash, vehicles, and fine listed above in the Background Facts section of this Report and Recommendation.
[7] *See* supra n.2 (confirming Plaintiff signed the plea agreement and understood its terms).

the government was ordered to return privileged documents seized *prior to an indictment* during the execution of a search warrant. *Id.* at 599 (finding that the government erred in obtaining and retaining information from Harbor Healthcare Systems that included protected information in the form of attorney–client privileged materials). Here, however, Plaintiff agreed to forfeit the Property pursuant to a binding plea agreement. Additionally, Plaintiff did not move for the return of the Property until four and one-half years after the criminal case was terminated. The holding in *Harbor Healthcare* is, therefore, inapposite to the instant case.

Given that Plaintiff agreed to forfeit the Property at issue, Plaintiff was not deprived of the Property as required to establish a claim under Rule 41(g), and Plaintiff has therefore failed to state a claim upon which relief can be granted. Accordingly, the Government's Motion (Dkt. #3) should be **GRANTED** and Plaintiff's Motion (Dkt. #1) should be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6). However, it should be noted that Plaintiff alleges the Property was seized by the Government at 6119 Sid Crane Drive, Charlotte, North Carolina 28216, making the Eastern District of Texas the improper venue because Rule 41(g) requires the motion to "be filed in the district where the property was seized." FED. R. CRIM. P. 41(g). As such, should Plaintiff decide to refile the lawsuit under Rule 41(g), Plaintiff's Motion must be filed in the district where 6119 Sid Crane Drive, Charlotte, North Carolina 28216 lies.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiff's Motion (Dkt. #1) should be **DENIED**. The court further recommends that the Government's Motion (Dkt. #3) should be **GRANTED** and that this case should be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of September, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE